JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Coachella Vineyard Luxury Park, LLC | Case No. 2:21-cv-07692-VAP |
| Appellant, | USBC - Central 1:20-bk-11006 |
| v. | US BAP 21-01204 |
| Lev Investments, LLC | **Order DENYING Appeal From Order of the United States Bankruptcy Court (Dkt. 10)** |
| Appellee. | |

Before the Court is Appellant Coachella Vineyard Luxury RV Park, LLC's Opening Brief filed on December 20, 2021.  (Dkt. 10).

After considering all the papers filed in support of, and in opposition to, the Appeal, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court **DENIES** the Appeal.

## I.   BACKGROUND

In August 2018, Appellant Coachella Vineyard Luxury RV Park, LLC ("RV") obtained a loan from Appellee Lev Investments, LLC ("Lev") for $2,000,000 (the "Loan").  (Dkt. 10, at 9).  Lev's Loan was secured by a first-position Deed of Trust recorded against RV's vacant land in Coachella, California (the "Property").  (*Id*.).

United States District Court
Central District of California

In June 2019, Lev declared the Deed of Trust for the Loan to be in default.  (*Id.* at 10).  A dispute arose as to the amount owed and RV brought action in the Riverside Superior Court to enjoin the sale and determine the correct amount due on the loan.  (*Id.*).

On October 10, 2019, the Superior Court granted RV a temporary restraining order which expired on November 6, 2019, after the denial of the preliminary injunction.  (*Id.*).

On November 7, 2019, Lev foreclosed on the Property; however, pursuant to Civil Code § 2924g(d), which imposes an automatic seven-day stay upon a foreclosure sale after the expiration of a temporary restraining order and denial of a preliminary injunction, the earliest Lev legally could foreclose was November 13, 2019. (*Id.* at 10-11).  Furthermore, in violation of the state court's order, the Trustee's Deed Upon Sale indicates that the foreclosure proceeded based on an unpaid debt of $2,570,949.36, but at the foreclosure, Lev credit bid $2,500,000, which is more than the state court determined was owed on the loan.  (Dkt. 11, at 9).

Based upon these allegations, RV asserted claims for quiet title, cancellation of instruments, wrongful foreclosure, slander of title and declaratory relief against Lev, requesting $100,000 in incidental damages and $5,000,000 in compensatory damages.  (*Id.*).  RV alleges that they had an investor willing to refinance the Property and intended to repay Lev's Loan with the investor's funds or buy the Property at the foreclosure sale, but the premature foreclosure prevented RV from doing so.  (Dkt. 10, at 11).

United States District Court
Central District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

On September 4, 2020, RV filed a voluntary chapter 11 petition as a Single Asset Real Estate case in the United States Bankruptcy Court.  (Dkt. 11 at 9-10).  On December 23, 2020, Lev filed a motion for relief from the automatic stay to proceed with foreclosure of the Property, which was granted on January 25, 2021.  (*Id.* at 10).  On February 22, 2021, the Court entered an order dismissing RV Park's bankruptcy case.  (*Id.*).

On July 19, 2021, Lev filed a motion before the bankruptcy court to disallow RV's claim against the estate, ("Motion to Disallow"), claiming that after Lev learned about the seven-day injunction it rescinded the foreclosure and that RV did not take any action to market or refinance the Property. (*Id.*).  Further, Lev argues that RV failed to provide any facts or evidence to show it sustained damages because of the wrongful foreclosure.  (*Id.*).

On August 5, 2021, RV filed an opposition to the motion, claiming that RV had an investor ready to refinance the Property, but lost the business opportunity because of Lev's wrongful foreclosure.  (*Id.*).  As evidence of damages, RV provided a declaration from the manager of the Property, Abraham Gottlieb, in which he stated that in November 2019 he had "an investor that was willing to refinance the [real property] and provide funds for the development of the RV park. . . . RV was going to payoff [Lev] to prevent the foreclosure or buy the [Property] at the foreclosure sale."  (*Id.* at 10-11). RV also submitted into evidence a joint venture agreement ("JVA") dated November 15, 2019, which stated that Global Finance Parties would invest $200 million, over a seven-year period in $2 million monthly installments, to improve the real property owned by RV.  (*Id.* at 11-12).  The JVA was silent on the issue of loan repayment.  (*Id.* at 11).  On August 12, 2021, Lev filed a

United States District Court
Central District of California

reply which challenged RV's evidence and claimed that RV did not establish a claim for damages.  (*Id.* at 11).

On August 19, 2021, after hearing oral argument on the issue from both parties, the bankruptcy court ruled in favor of Lev.  The court first explained that the JVA did not demonstrate that RV suffered damages as a result of Lev's wrongful foreclosure.  Although the court agreed that Lev had prematurely foreclosed on the property, it explained that the premature foreclosure did not prevent the Global Finance Parties from performing under the JVA.  As the court noted:

> [T]he JVA is dated November 15, 2019. The seven-day stay under CCC § 2924g(d) expired on November 13, 2019, i.e., prior to execution of the JVA. **As such, even if Debtor had complied with CCC § 2924g(d), Debtor could have foreclosed on the subject property before RV Park and the Global Finance Parties executed the JVA. (**Appellant's Excerpts of Record, "App." Dkt. 10-1, at A-232) (emphasis added).

The court further reasoned that, even aside from the causation issue, the JVA was "silent as to whether the Global Finance Parties' investment would be used to pay off the liens against the Coachella Property, such as Debtor's defaulted deed of trust." (*Id.*).  And even if the Global Finance Parties' first monthly installment payment of $2 million would have been directed towards the loan, it would not have been enough to repay the Loan in full, and Lev would still have been able to proceed with foreclosure on November 13, 2019. (*Id.*).  The court went on to explain that neither Gottlieb's testimony nor RV's Lender Disclosure Statement adequately evidenced the

4

$6.5 million valuation of the Property, as they did not provide evidence of "objective data or an independent appraisal by a qualified appraiser." (*Id.* at 233). The court concluded that RV had failed to meet its burden of proving the validity of its claim.

On August 31, 2021, the bankruptcy court entered its order granting Appellee's Motion to Disallow Appellant's Claim. (*Id.*). On September 14, 2021, Appellant filed a timely notice of appeal. (*Id.*) Appellant filed an Opening Brief in this Court on December 20, 2021 (Dkt. 10, "Opening Brief"), arguing that its claim should not have been subject to "summary determination" based on Appellee's motion and that the bankruptcy court erred by "dismissing admissible evidence regarding its damages which created a question of fact." (Opening Brief, at 12). Appellant requests this Court overturn the order disallowing its claim and return the matter to the bankruptcy court to conduct an evidentiary hearing. Appellee filed a Reply Brief on January 19, 2022 (Reply Brief, Dkt. 11), and Appellant filed a Reply on February 2, 2022 (Appellant's Reply Brief, Dkt. 13).

## II.   LEGAL STANDARD

"A proof of claim . . . constitutes '*prima facie* evidence of the validity and amount of the claim' pursuant to Bankruptcy Rule 3001(f)" and "is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a)." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). If a party objects to a proof of claim, the dispute becomes a "contested matter" within the meaning of Bankruptcy Rule 9014. *Id.* "Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without

more.'"  *Id.* (citing *Lundell v. Anchor Const. Specialists*, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)).  The objector then must produce evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."  *In re Holm*, 931 F.2d at 623.

If an objector manages to produce sufficient evidence to negate sworn facts in the proof of claim, the burden then shifts back to the claimant to prove the claim's validity by a preponderance of the evidence.  *In re Consol. Pioneer Mortg.,* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995)*,* aff'd sub nom. *In re Consol. Pioneer Mortg. Entities,* 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir.1992)). Nonetheless, "[t]he burden of persuasion is always on the claimant."  *Id.*

The Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews findings of law under a *de novo* standard.  *See In re Rifino*, 245 F.3d 1083, 1086 (9th Cir. 2001).  "A finding of fact is clearly erroneous when after reviewing the evidence we are left with the definite and firm conviction that a mistake has been committed."  *In re Boulders on the River, Inc.*, 164 B.R. 99, 103 (B.A.P. 9th Cir. 1994) (citing *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988)).

### III.    DISCUSSION

Appellant argues that it submitted a valid claim against Appellee for wrongful foreclosure, and that the bankruptcy court erroneously disallowed the claim based on insufficient counterevidence.  The Court disagrees.

Appellant has not identified any legal or factual error committed by the bankruptcy court.  Appellant's claim was properly disallowed.

Appellant first argues, without citing to the record, that the bankruptcy court erred by "summarily rejecting" the claim.  (Opening Brief, at 6).  This assertion is belied by the record, which demonstrates that the court correctly applied a burden-shifting framework and concluded that Appellant failed to meet its burden of proving the validity of the claim.  As the record reveals, Appellee filed a Motion to Disallow Appellant's claim on the grounds that "A) [Appellee] Debtor rescinded the foreclosure, with title reverting back to [Appellant] RV Park; (B) RV Park subsequently failed to enter into any agreements to develop or sell the Coachella Property; and (C) RV Park was unable to reorganize during the pendency of its bankruptcy case."  (Dkt. at 5).  The Motion to Disallow "successfully shifted the burden of proof to [Appellant] RV Park to prove the validity of its claim."  *Id.*  Appellant filed an Opposition to the Motion and submitted evidence in an effort to support the claim, but "[Appellant's] Opposition d[id] not provide sufficient evidence to meet [its] burden."  *Id*.

Although Appellant argues that its claim had *prima facie* validity under Section 502 and Rule 3001(f), Appellant "misses the essence of the Objection and the grounds set forth by the bankruptcy court in sustaining it." *In re MacGibbon*, No. BAP WW-05-1411-DMCK, 2006 WL 6810964, at *11 (B.A.P. 9th Cir. Oct. 4, 2006).  "For a proof of claim to have *prima facie* validity, it must comply with the rules and set forth all the necessary facts to establish the claim." *Id.*  Appellant's claim does not have *prima facie* validity

United States District Court
Central District of California

7

because "[it] fail[s] to set forth facts sufficient to show that [Appellee] was legally liable to [Appellant] for any of the alleged debts." *Id.* at *12. Neither Appellant's claim nor any of the attached evidence demonstrates that Appellee incurred any liability to Appellant as a result of the wrongful foreclosure.

Appellant does not argue that the bankruptcy court overlooked evidence or made an error with respect to factual findings. Rather, Appellant baldly asserts that it "provided specific evidentiary support for its allegations" --even though the bankruptcy court thoroughly evaluated Appellant's evidence, including the JVA that supposedly demonstrated Appellant's damages, and determined that "the evidence does not demonstrate that the foreclosure interfered with execution of the JVA." (App. at 233). The court explained, as a threshold matter, that "the JVA d[id] not demonstrate that RV Park suffered damages from the wrongful foreclosure" because Appellee could have legally foreclosed on the subject property prior to the date the JVA was executed. (*Id.*). Next, the court explained that there was no evidence that funds from the JVA would have been directed to purchasing the property; the JVA only provided that the Global Finance Parties "would invest $200 million towards improvement of the Coachella Property," which could not be construed to mean "overbid[ding] Debtor at a foreclosure sale." *Id.* at 232. The court also noted that execution of the JVA could not have saved Appellant's property from foreclosure because the first monthly installment payment of $2,000,000 would not have satisfied Appellant's full debt prior to the legal foreclosure date. *Id.*

1

2       As to Mr. Gottlieb's declaration, the Court concluded that it too "d[id]

3   not serve to meet [Appellant] RV Park's burden of proof."  *Id.* at 232-33.  Mr.

4   Gottlieb testified that Appellee's "excessive payoff demand" prevented

5   Appellant from finding investors willing to provide financing, but the court

6   determined that this "testimony [was] speculation by Mr. Gotlieb," because

7   "there [was] no evidence that, but for Debtor's excessive demand, an

8   investor would have refinanced the subject property."  *Id.* at 233.  The court

9   also rejected Mr. Gottlieb's testimony that the property was valued at $6.5

10  million because "[n]either the Lender Disclosure Statement nor any other

11  evidence provided by [Appellant] RV Park contains any . . . objective data or

12  an independent appraisal by a qualified appraiser."  *Id.*

13

14      Contrary to Appellant's assertions otherwise, the record is clear that

15  the bankruptcy court fairly considered, and reasonably rejected, the claim

16  and evidence Appellant submitted.  The court concluded that Appellant's

17  facts and evidence were simply insufficient to establish its claim.  *See In re*

18  *MacGibbon*, 2006 WL 6810964, at *11 (B.A.P. 9th Cir. Oct. 4, 2006)

19  (upholding disallowance of claim where "[n]one of the claims provided facts

20  and evidence sufficient to demonstrate that [Appellee] was legally liable to

21  [Appellant] . . . ").  Appellant fails to identify any error with the court's

22  analysis.  Thus, the court correctly concluded that Appellant lacked sufficient

23  evidence to support its claim, and the decision to disallow the claim was not

24  clearly erroneous. *See In re Consol. Pioneer Mortg.*, 178 B.R. at 227 ("The

25  bankruptcy court correctly concluded that [Appellants] failed to present

26  adequate evidence that a sales contract existed, that their payments were

9

for the purchase of property, or that they had a security interest in the property. Thus, the decision of the bankruptcy court to disallow [Appellants'] claim in full was not clearly erroneous.").

Appellant also halfheartedly suggests, without citing any caselaw, that the bankruptcy court erred by disallowing the claim without first affording Appellant an opportunity for discovery and an evidentiary hearing.  Appellant only briefly makes this argument in its papers; indeed, the Court had to refer to Appellee's Reply Brief to understand the context of what Appellant is claiming.  From the Court's understanding, it appears that on August 19, 2021, the day of the hearing on Appellee's Motion to Disallow, Appellant for the first time requested a continuance in order to conduct discovery.  (Reply Brief, at 19).  The bankruptcy court refused the request.  This Court "review[s] the bankruptcy court's refusal to grant a continuance to permit additional discovery for an abuse of discretion."  *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008).

Refusing a belated request for discovery in a contested matter does not constitute an abuse of discretion.  As Appellee points out, a party seeking discovery in a contested matter is not entitled to wait until the day of the hearing to make the request.  *See In re Khachikyan*, 335 B.R. 121, 127 (B.A.P. 9th Cir. 2005) ("As a strategic matter, where one wants discovery in a contested matter, it is generally too late to wait to the day of the hearing on the merits to request to conduct discovery in the future."); *see also In re Kessler*, No. 2:14-AP-01115-ER, 2014 WL 2761212, at *8 (Bankr. C.D. Cal. June 18, 2014) (affirming a bankruptcy court's denial of discovery on a

claims disallowance motion where "there [wa]s no indication [Appellant] engaged in any pursuit of discovery prior to the hearing on her Claim").  The bankruptcy court did not err in denying Appellant discovery or an evidentiary hearing under these circumstances.

In sum, Appellant has failed to identify a factual or legal error with respect to the bankruptcy court's decision to disallow the claim.  The Appeal is denied.

### IV.    CONCLUSION

The Court therefore **DENIES** Appellant's Appeal from the bankruptcy court's decision to disallow its claim.

**IT IS SO ORDERED.**

Dated:    7/1/22

Virginia A. Phillips
United States District Judge

CC: Bankruptcy

United States District Court
Central District of California

11